UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

LBA INTERNATIONAL LIMITED,

        Plaintiff,

- against -

C.E. CONSULTING LLC and PATRICIA
BURNS,

        Defendants.

------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

08 Civ. 6797 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

Plaintiff LBA International Limited ("LBA") brought suit against defendants C.E. Consulting LLC[1] ("C E Consulting") and Patricia Burns, individually, for monies allegedly owed in connection with a contract for the sale and purchase of body armor. On October 20, 2009, plaintiff moved for summary judgment against defendant Patricia Burns on its Second, Third and Fourth Causes of action – Unjust Enrichment, Conversion, and Intentional Interference with Contract, respectively. Plaintiff seeks damages in the amount of $265,119.10, plus costs and interest allowed by law. Burns has not yet opposed plaintiff's motion for summary judgment (the "instant motion").

---

    [1]    The correct spelling of the first defendant's name is "C E Consulting LLC," without periods but with spaces between the C and the E.

In reviewing plaintiff's motion for summary judgment, a question arose regarding subject matter jurisdiction. LBA is a corporation organized and existing under the laws of England and is thus a U.K. citizen.[2] C E Consulting is a limited liability company as established by its Articles of Organization and Department of State records. For purposes of diversity of citizenship, a limited liability company has the citizenship of its members.[3] The late Paul Burns, also a U.K. citizen, was the only member of C E Consulting.[4] Thus, it appeared that there were aliens on both sides of the case. Without complete diversity, this Court

---

[2]   *See* Declaration of Richard Darby, owner and President of LBA, in Support of Motion for Summary Judgment ("Darby Decl.") ¶ 2.

[3]   *See Catskill Litig. Trust v. Park Place Entm't Corp.*, No. 04-6685-CV, 2006 WL 558539, at *1 (2d Cir. Mar. 8, 2006) (citing *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (stating that the citizenship of a limited liability corporation is determined by reference to the citizenship of its members)). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("But for diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members.").

[4]   *See* Plaintiff's Memorandum of Law in Response to the Court's Order to Show Cause dated January 11, 2010 at 5 ("As a practical matter, CE Consulting LLC still exists on paper only. Prior to his death, Paul Burns was its only employee.") (citing 8/10/09 Deposition of Patricia Burns, Ex. C to the Declaration of Christopher Carlsen, plaintiff's attorney, in Support of Motion for Summary Judgment, at 20 (Burns stating that C E Consulting's only employee was Paul Burns and that she never did any work for C E Consulting)).

would lack subject matter jurisdiction.[5]

To resolve this jurisdictional query, this Court issued an ORDER TO SHOW CAUSE ("OSC") directing plaintiff to show cause, by January 19, 2010, why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff responded with a Memorandum of Law in Response to the Court's Order to Show Cause Dated January 11, 2010 ("Response"). In its Response, plaintiff maintains that there is subject matter jurisdiction given the language of 28 U.S.C. § 1332(a) ("section 1332"). Alternatively, should this Court find subject matter jurisdiction to be lacking, plaintiff argues that C E Consulting is a dispensable party. Therefore, in order to preserve diversity, plaintiff argues that this Court should dismiss C E Consulting from this case, thereby allowing plaintiff to proceed solely against Patricia Burns.

In support of its assertion of subject matter jurisdiction, plaintiff quotes the following language from section 1332: "For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is

---

[5] *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").

domiciled."[6] Because Paul Burns was domiciled in New York and was a permanent resident "green card" holder, plaintiff argues that he was a citizen of New York for purposes of diversity. Thus, the argument goes, if Paul Burns was a citizen of New York, so too was the limited liability company of which he was the only member, C E Consulting LLC. Under plaintiff's theory, there is complete diversity between LBA (a U.K. citizen) and C E Consulting (a New York citizen) and Patricia Burns (a New York citizen).

The problem with plaintiff's interpretation of the above quoted statutory language is that it conflicts with the majority view in this district. For example, in *Marcus v. "Five J" Jewelers Precious Metals Industry Ltd.*, the plaintiff, Shlomo Marcus, was a citizen of Israel who became a permanent resident of the United States domiciled in New York.[7] The corporate defendant was an Israeli corporation with its principal place of business in Tel Aviv, Israel.[8] The two individual defendants were residents and citizens of Israel.[9] Despite the plaintiff's status as a U.S. permanent resident, the court granted defendants'

---

[6] 28 U.S.C. § 1332(a).

[7] *See* 111 F. Supp. 2d 445, 446 (S.D.N.Y. 2000).

[8] *See id.*

[9] *See id.*

4

motion to dismiss for lack of subject matter jurisdiction. The court reasoned as follows:

> In 1988, . . . Congress amended 28 U.S.C. § 1332, effective May 18, 1989, to add the following provision: "For the purposes of this section . . . , an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). Courts have uniformly agreed that this provision eliminates diversity jurisdiction of suits in which a permanent resident alien appears opposite a citizen of the alien's state of domicile. For example, pursuant to the 1988 amendment, Marcus – a permanent resident alien domiciled in New York – is deemed to be a citizen of New York; therefore, there would be no diversity jurisdiction were he to sue another citizen of New York. Courts have sharply disagreed, however, whether the added provision *creates* diversity jurisdiction of suits in which a permanent resident alien appears opposite another alien.
>
> This Court concludes that the 1988 revision to 28 U.S.C. § 1332 does not *expand* diversity jurisdiction to encompass this latter category of suits, for substantially the same reasons as set forth in the prior decisions of other judges of the Southern District of New York. To begin with, "the language of a statutory provision, if clear and unambiguous on its face, is presumed to bear its plain meaning unless the text suggests an absurd result." *Nussle v. Willette*, 224 F.3d 95, 100 (2d Cir. 2000). Here, adhering strictly to the statutory language would indeed produce an absurd result, since "to find subject matter jurisdiction, the Court [would have to] conclude that Congress abandoned the rule of complete diversity, enunciated nearly two hundred years ago in *Strawbridge* and regularly applied since to, *inter alia*, actions with aliens on both sides, but did so without comment." *Lloyds Bank PLC [v. Norkin]*, 817 F. Supp.

5

[414] at 418 [S.D.N.Y. 1993]. Thus, recourse to the legislative history of the provision is appropriate, and that history indicates Congress' purpose was to *narrow*, rather than to *expand*, the scope of diversity jurisdiction.[10]

Notwithstanding the fact that the alien plaintiff was a permanent resident of the United States, the court dismissed the action for lack of complete diversity.[11]

This Court agrees with the reasoning of *Marcus* and *Buti* – that it was not the intent of Congress to expand diversity jurisdiction when, in 1988, it added the above quoted statutory language to section 1332. Accordingly, this Court finds complete diversity to be lacking. For this action to proceed, this Court would have to dismiss C E Consulting, the non-diverse party.[12] Whether C E Consulting is a dispensable party to this litigation, and may therefore be

---

[10] *Id.* at 448 (citations preceded by signals omitted, emphasis added). *See also Buti v. Impressa Perosa, S.R.L.*, 935 F. Supp. 458, 460-63 (S.D.N.Y. 1996).

[11] *See Marcus*, 111 F. Supp. 2d at 448 ("Accordingly, all defendants and one plaintiff to the action are aliens, complete diversity is lacking, and this Court therefore lacks diversity jurisdiction over the action."). A similar result, where one of the defendants was an Italian citizen and a permanent resident alien domiciled in Florida, was reached in *Azimut-Benetti S.P.A. v. Magnum Marine Corp.*, No. 05 Civ. 3260, 2005 WL 1950345 (S.D.N.Y. Aug. 10, 2005).

[12] *See* Fed. R. Civ. P. 21 ("Rule 21") ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). "Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Fed.R.Civ.P. 19." *Fritz v. American Home Shield Corp.*,751 F.2d 1152, 1154 (11th Cir. 1985).

dismissed, is governed by Federal Rule of Civil Procedure 19 ("Rule 19").[13]

"Rule 19 'sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party.'"[14] "A court must first determine whether an absent party belongs in the lawsuit."[15] "A party must be joined to the lawsuit if

'(A)     in that person's absence, the court cannot accord complete relief among existing parties; or

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.'"[16]

---

[13]     *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38, (1989) (holding that Rule 21 permits even appellate courts to drop a dispensable non-diverse party, and applying Rule 19 to determine whether a party is dispensable); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 89 (2d Cir. 1990).

[14]     *Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, No. 09 Civ. 2319, 09 Civ. 3771, 2009 WL 2191118, at *3 (S.D.N.Y. July 20, 2009) (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)).

[15]     *Id.* (quoting *Viacom*, 212 F.3d at 724).

[16]     *Id.* (quoting Fed. R. Civ. P. 19(a)).

"Once the court 'makes a threshold determination that a party is necessary under Rule 19(a),' it must determine whether joinder of the absent party is 'feasible for jurisdictional or other reasons.'"[17] "'If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b),'"[18] which states:

> "'If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>
>     (B) shaping the relief; or
>
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.'"[19]

---

[17]     *Id.* at *4 (quoting *Viacom*, 212 F.3d at 725; Fed. R. Civ. P. 19(b)).

[18]     *Id.* (quoting *Viacom*, 212 F.3d at 725; Fed. R. Civ. P. 19(b))

[19]     *Id.* (quoting Fed. R. Civ. P. 19(b)).

In support of dismissing C E Consulting as a non-diverse, dispensable party, LBA argues as follows:

> C. E. Consulting LLC is neither a necessary nor an indispensable party to this litigation because its presence is not needed to accord complete relief between plaintiff LBA and defendant Patricia Burns. Discovery has been completed in this litigation, and plaintiff's motion for summary judgment against Patricia Burns only is pending before this Court. As a practical matter, CE Consulting LLC still exists on paper only. Prior to his death, Paul Burns was its only employee. And, although it never was dissolved officially, C.E. Consulting LLC no longer conducts any business operations, and does not have any assets or employees.
>
> The claims against Patricia Burns that are the subject of plaintiff's pending motions are based solely on the conduct of Patricia Burns, separate and apart from any conduct of C.E. Consulting LLC that might have been involved in the breach of the subject contract between plaintiff and C.E. Consulting LLC.[20]

This Court agrees that C E Consulting is not an indispensable party to this litigation and is therefore willing to dismiss it from this lawsuit in order to preserve diversity jurisdiction. However, by choosing to pursue its remedies against Patricia Burns only, LBA must lose the benefit of the Default Judgment entered against C E Consulting. The Clerk of the Court is hereby directed to vacate the aforementioned Default Judgment, dated December 3, 2008, in the

---

[20] Response at 5-6 (citations and footnote omitted).

amount of $344,632.17 (Document # 12). Plaintiff's summary judgment motion against Patricia Burns will be decided in a separate Order.

There is, however, an issue as to whether Patricia Burns received plaintiff's summary judgment motion papers. At Chamber's request, plaintiff's counsel filed an Affidavit of Service indicating that the motion papers were served on Burns by Federal Express on October 21, 2009, when they were signed for by "Julio" at the front desk of Burns' apartment building at 345 East 93rd Street. Subsequent to the issuance of the OSC, Burns informed Chambers that she never received plaintiff's motion papers and that she is unaware of anyone named "Julio" working at her building.[21]

To expedite resolution of the instant motion, plaintiff is directed to once again serve Patricia Burns with its Notice of Motion, Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment, Rule 56.1 Statement, Memorandum of Law, Declaration of Christopher Carlsen dated October 20, 2009, with exhibits, and Declaration of Richard Darby dated October 20, 2009, with exhibits. Plaintiff is directed to serve these papers by messenger forthwith and obtain the signature of Patricia Burns at the time of delivery. Assuming that this

---

[21] Burns acknowledges receipt of the OSC from this Court, which was mailed to her through the U.S. postal system.

10

second service can be accomplished by January 29, 2010, Burns may have until February 19, 2010, in which to oppose plaintiff's motion.[22] Burns is directed to serve a complete set of her opposition papers upon plaintiff's counsel and submit a courtesy copy to Chambers. If Burns submits opposition papers, plaintiff may have until March 5, 2010, in which to reply. No adjournment requests will be granted given the length of time the instant motion has been pending.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 26, 2010

---

[22] If Burns fails to oppose the instant motion, this Court will decide the motion solely on the papers submitted by plaintiff. If Burns does oppose the motion, she is directed to first consult the attached Notice for Pro Se Litigants Regarding Opposition to a Summary Judgment Motion which is largely duplicative of the Notice to Pro Se Litigant who Opposes a Motion for Summary Judgment, included in plaintiff's set of moving papers.

11

# NOTICE FOR PRO SE LITIGANTS REGARDING
# OPPOSITION TO A SUMMARY JUDGMENT MOTION[1]

When a summary judgment motion is filed, the Court will determine whether there are material facts in dispute. If there are material facts in dispute, the motion will be denied and there will be a trial to resolve the factual disputes. If there are no material facts in dispute, the motion may be granted and any claim for which summary judgment is granted will be dismissed. If summary judgment is granted for all claims, there will be no trial and the case will be closed.

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(e) says:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. <u>When a motion for summary judgment is made</u> and supported as provided in this rule, <u>an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but</u> the adverse party's response, <u>by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.</u> If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis supplied.)

Pursuant to Rule 56, any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial. Admissible evidence may take the form of documents or affidavits. An affidavit must be made by someone with personal knowledge of the facts described in the affidavit and the person making the affidavit must swear that its contents are true.

---

[1] See <u>McPherson v. Coombe</u>, No. 98-2635, 1999 WL 235771 (2d Cir. Apr. 22, 1999).

May 11, 1999

## - Appearances -

**For Plaintiff:**

Christopher Carlsen, Esq.
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 710-3900

**Defendant (Pro Se):**

Patricia Burns
345 East 93rd Street
Apt. 7A
New York, NY 10128
(212) 472-2035